I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 3/25/10

DEPUTY CLERK

"D"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAR 25 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                             DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT RAY GONZALES,<br><br>Petitioner,<br><br>vs.<br><br>M.D. McDONALD,<br><br>Respondent. | Case No. CV 10-1562-RSWL (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

Petitioner, a California state prisoner currently incarcerated at High Desert State Prison in Susanville, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 herein on March 2, 2010.

It appears from the face of the Petition that it is directed to the same 1995 Los Angeles County Superior Court judgment of conviction as the prior habeas petition filed by petitioner in this Court on September 22, 2000 in Case No. CV 00-10276-RSWL (RNB). On July 31, 2001, Judgment was entered in Case No. CV 00-10276-RSWL (RNB) denying the petition and dismissing the action with prejudice, based on the Magistrate Judge's finding and conclusion inter alia that the petition was time barred. Petitioner did not appeal from that Judgment.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

>   *(1)   A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.*
>
>   *(2)   A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*
>
>>   *(A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*
>>
>>   *(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*
>>
>>   *(ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.*
>
>   *(3)   (A)   Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*
>
>   . . .
>
>>   *(C)   The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.*
>
>   . . .
>
>   *(4)   A district court shall dismiss any claim presented in a*

*second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.*

The Petition now pending constitutes a second and/or successive petition challenging the same conviction and sentence as petitioner's prior habeas petition in Case No. CV 00-10276-RSWL (RNB), within the meaning of 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). Thus, to the extent that petitioner is now purporting to raise new claims, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider those claims, prior to his filing of the instant Petition in the District Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 03-23-10

RONALD S.W. LEW
_____
RONALD S.W. LEW
SENIOR, U.S. DISTRICT JUDGE

Presented by:

*[signature]*
_____
Robert N. Block
United States Magistrate Judge

3